## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## LITTLE ROCK DIVISION

JOHN W. MAGNESS                                                                                 PLAINTIFF
ADC #150340

V.                                 NO: 4:14CV00180 JLH/HDY

DEXTER PAYNE *et al*.                                                      DEFENDANTS

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.     Why the record made before the Magistrate Judge is inadequate.

    2.     Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.        The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff John W. Magness, an inmate at the Arkansas Department of Correction's Wrightsville Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on March 21, 2014. Because Plaintiff has failed to state a claim for relief, his complaint should be dismissed.

## I.  Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570.  However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II.  Analysis

According to Plaintiff's complaint, he was disciplined for having an altered mat.  Plaintiff's sanctions included a 20 day restriction on his personal mail, and he was told he could only send and receive legal mail during that time period.  Plaintiff filed a grievance, and his personal mail privileges were restored five days later.  Plaintiff does not know if he actually missed any personal mail during the five day restriction.

Accepting Plaintiff's allegations as true, he has not stated a claim for relief.  The United States Court of Appeals for the Eighth Circuit has determined that a restriction on personal mail for a limited period of time as a disciplinary sanction is not a constitutional violation. *See Little v. Norris*, 787 F.2d 1241, 1243 (8th Cir. 1986) (30 day mail restriction).  Accordingly, Plaintiff's complaint should be dismissed.[1]

---

[1] Although Plaintiff quotes the hearing officer as saying specifically that Plaintiff could send and receive legal mail, Plaintiff's complaint includes a vague reference to a delay in delivery and/or tampering with legal mail.  To the extent that Plaintiff intended to include a claim relating to legal mail, he has not alleged any facts to suggest any detrimental impact to any pending or contemplated legal claim as a result of mail problems. *See Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir.1996) ("To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims."*)*

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  7   day of April, 2014.

UNITED STATES MAGISTRATE JUDGE