# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

JOHN W. MAGNESS                                                                                              PLAINTIFF
ADC #150340

V.                                           NO: 4:14CV00180 JLH/HDY

DEXTER PAYNE *et al*.                                                                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff John W. Magness, an inmate at the Arkansas Department of Correction's North Central Unit, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on March 21, 2014, alleging that he was disciplined and his non-legal mail privileges were suspended for five days. On April 24, 2014, United States District Judge J. Leon Holmes adopted a recommendation to dismiss Plaintiff's complaint for failure to state a claim. In dismissing Plaintiff's complaint, Judge Holmes granted Plaintiff's motion for leave to amend, and directed Plaintiff to file his amended complaint within 30 days (docket entry #7). Plaintiff filed the amended complaint on May 16, 2014 (docket entry #9), and Judge Holmes has referred the case to the undersigned for screening of the amended complaint, as well as any other pretrial matters.

### **I. Screening**

The Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.

Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 570. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

According to Plaintiff's original complaint, he was disciplined for having an altered mat. Plaintiff's sanctions included a 20 day restriction on his personal mail, and he was told that he could only send and receive legal mail during that time period. Plaintiff filed a grievance, and his personal mail privileges were restored five days later. Plaintiff does not know if he actually missed any personal mail during the five day restriction. Based on those allegations, the Court concluded that Plaintiff had failed to state a claim for relief.

Plaintiff's amended complaint does nothing to remedy the deficiencies in the original complaint. The amended complaint essentially restates the claims in the original complaint. As the prior recommendation noted, a five day suspension of personal mail privileges is not a constitutional violation. *See Little v. Norris*, 787 F.2d 1241, 1243 (8th Cir. 1986) (30 day mail restriction).

Additionally, to the extent that prison policy was not followed in the disciplinary process, the Court notes that such a failure is not a constitutional violation. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). In his amended complaint, Plaintiff also complains of a "ripple effect" of retaliation claims which are "nearing" the exhaustion process, and attempts to bring claims on behalf of Larry J. Dunlap, another inmate.[1] A prisoner cannot bring claims on behalf of other prisoners. *See Miner v. Brackney*, 719 F.2d 954, 956 (8th Cir.1983) (per curiam). Although Plaintiff's claims of retaliation may provide grounds for a new lawsuit, they arose after this complaint was filed and are not appropriate to include here. Plaintiff's amended complaint should therefore be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's amended complaint be DISMISSED WITHOUT PREJUDICE with respect to his retaliation claims, and DISMISSED WITH PREJUDICE in all other respects.

2. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this __17__ day of June, 2014.

UNITED STATES MAGISTRATE JUDGE

---

[1] Although Dunlap signed the amended complaint, he is not a Plaintiff in this case. If Dunlap wishes to pursue a claim for relief, he may file his own lawsuit, and pay the $400.00 filing and administrative fees, or seek leave to proceed *in forma pauperis*.